David A. Bahr (D.C. Bar No. OR0001)
Bahr Law Offices, P.C.
1035 1/2 Monroe Street
Eugene, Oregon 97402
Telephone:  (541) 556-6439
Email:  davebahr@mindspring.com

Paul A. Kampmeier (Washington State Bar Association #31560)
    **Application for admission *pro hac vice* pending**
Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104-2245
Telephone:  (206) 223-4088 x 4
Email:  paul@kampmeierknutsen.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH, a District of Columbia non-profit corporation, 1101 15th Street NW, 11th Floor, Washington, D.C. 20005, | Civ. No. 16-549 |
| Plaintiff, | |
| v. | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| UNITED STATES COAST GUARD, an agency of the United States of America, 2703 Martin Luther King Jr. Avenue SE, Washington, D.C. 20593, | |
| Defendant. | |

## INTRODUCTION

1.      This is an action against the United States Coast Guard for violations of the

Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  Under the judicial review provisions of

both the FOIA and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, Plaintiff

Friends of the Earth ("Friends") seeks specific relief with respect to a FOIA request it submitted

to the Coast Guard on May 1, 2015.

2.      The purpose of the FOIA is "to establish a general philosophy of full agency

disclosure unless information is exempted under clearly delineated statutory language."  S.Rep.

No. 813, 89th Cong., 1st Sess., 3 (1965).  The FOIA therefore requires federal agencies to

disclose records in a timely manner to any person upon request unless the information falls

within one of nine narrow disclosure exemptions listed in the Act.  *See* 5 U.S.C. § 552(a)(3)(A),

(b).  Except in unusual or exceptional circumstances, federal agencies generally must determine

within twenty business days whether requested records are exempt from withholding and, if they

are not, the agency must "promptly disclose" the records to the requester.  5 U.S.C. §

552(a)(6)(A)(i); *id.* at §§ (a)(3)(A), (a)(6)(C)(i).

3.      Here, however, although more than ten months have passed since Friends

submitted its FOIA request, the Coast Guard has:  (1) failed to make and communicate the

disclosure determinations required by the FOIA; (2) failed to provide Friends with a written

notification of the unusual circumstances that would justify an extension of any applicable

deadlines; (3) failed to act within applicable deadlines; (4) demanded payment of fees from

Friends even though the Coast Guard granted Friends' fee waiver request, and even though it

missed deadlines imposed by the FOIA, precluding the assessment of search fees; and (5) failed

to promptly disclose the public documents it has that are responsive to Friends' request.

4.      Friends therefore seeks a declaration that the Coast Guard has violated the FOIA

with respect to Friends' May 1, 2015 FOIA request.  Friends also seeks an order of the court

COMPLAINT - 2

compelling the Coast Guard to make the required exemption determinations and disclose by a

date certain all non-exempt public records that are responsive to Friends' request.  Judicial

intervention is warranted because the Coast Guard is unlawfully withholding public disclosure of

information sought by Friends, information to which Friends is entitled and for which no valid

disclosure exemption applies.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA), 28 U.S.C.

§ 1331 (federal question), § 2201 (declaratory judgment), and § 2202 (further relief).

6.      Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) in part because

records responsive to Friends' May 1, 2015 FOIA request are located in this district.

## PARTIES

7.      Plaintiff FRIENDS OF THE EARTH is a non-profit entity organized under

section 501(c)(3) of the Internal Revenue Code, with its principal place of business in

Washington, D.C. and an office in Berkeley, California.  Friends of the Earth is one of 75

national member groups of Friends of the Earth International, a global network representing

more than two million activists around the world.  In the United States, Friends advocates in the

halls of Congress, in state capitals, and with community groups around the country.  With offices

and members in all 50 states, Friends urges policymakers to defend the environment and work

toward a healthy environment for all people.

8.      The information Friends seeks from the Coast Guard through its May 1, 2015

FOIA Request will further Friend's mission as a non-profit environmental advocacy

organization, in particular its efforts in the Pacific Northwest to catalog and assess the risks from

the vessel transport of goods, including fossil fuels.  Friends disseminates information to educate

COMPLAINT - 3

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088

the public on current environmental policy issues.  Almost all of Friend's staff members are engaged in disseminating information to the public.  In addition to press releases, Friends disseminates information through press briefings and radio and television interviews.  Friends also maintains a website that disseminates information about key environmental issues to the public.  Friends' staff members respond to questions from the public about environmental issues and disseminate information in responding to those questions.  They also distribute email messages with information on environmental issues several times per week; distribute letter mailings multiple times per year; release a quarterly "Newsmagazine"; and distribute information through multiple social networking sites and pages and at public events.

9.     The above-described interests of Friends and its members have been, are being, and, unless the relief prayed for herein is granted, will continue to be adversely affected by Defendant's disregard of its statutory duties under the FOIA and by the unlawful harm that results.  Defendant's failure to fully implement the FOIA injures the interests of Friends and its members and the relief requested in this lawsuit can redress these injuries.

10.     Defendant U.S. COAST GUARD is an agency of the executive branch of the United States government and an agency within the meaning of the APA, 5 U.S.C. §§ 701 & 702.  The Coast Guard is subject to the FOIA pursuant to 5 U.S.C. § 552(f).  The Coast Guard is in possession and control of public documents requested and sought by Friends.

**STATUTORY BACKGROUND**

11.     The FOIA imposes strict and rigorous deadlines on federal agencies.  The FOIA requires a federal agency that receives a FOIA request to determine whether the requested records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that

COMPLAINT - 4

determination to the requester within twenty business days.  5 U.S.C. § 552(a)(6)(A)(i).  The

agency must also respond to any fee waiver request within the twenty-day deadline.  If the

agency determines the requested records are exempt from public disclosure, or if it denies the

request for a fee waiver, the agency must communicate to the requester that they have a right to

appeal those determinations.  *Id.*  If the agency determines the records are not exempt from

public disclosure, the agency is required to make the requested records "promptly available" to

the requester.  5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i).

12.     Congress has set forth the circumstances in which federal agencies may obtain

more time to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i).  In two very limited

circumstances the agency may toll the twenty-day deadline for making that determination.  5

U.S.C. § 552(a)(6)(A)(ii).  Additionally, the agency may extend the twenty-day deadline for

making that determination by providing a written notice to the requester that sets forth the

"unusual circumstances" that justify the deadline extension and the date on which the agency

expects to make the determination.  5 U.S.C. § 552(a)(6)(B)(ii).  The statute includes a specific

definition of the term "unusual circumstances."  5 U.S.C. § 552(a)(6)(B)(iii).  And when the

agency notifies a requester of unusual circumstances and the need for additional time, the

agency's written notification "shall provide the person an opportunity to limit the scope of the

request so that it may be processed within that time limit or an opportunity to arrange with the

agency an alternative time frame for processing the request or a modified request."  5 U.S.C. §

552(a)(6)(B)(ii).

13.     Unless an agency subject to the FOIA establishes a different timeline for

disclosing responsive records by providing sufficient written notice of unusual circumstances,

COMPLAINT - 5

the FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the twenty-day timeframe set forth in 5 U.S.C. § 552(a)(6)(A)(i).

14.     If the agency fails to meet the disclosure deadlines established by the FOIA, including the deadline to determine within twenty days whether to respond to the request, the agency may not charge the requester for the costs incurred in searching for or duplicating the requested documents unless unusual or exceptional circumstances apply.  5 U.S.C. § 552(a)(4)(A)(viii).

15.     The FOIA also requires an agency that receives a FOIA request to forward the request to another component of the agency if that other component controls the requested records.  5 U.S.C. § 552(a)(6)(A)(ii).

16.     A U.S. District Court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  If the government can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records.  5 U.S.C. § 552(a)(6)(C)(i).  Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA requests, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests.  5 U.S.C. § 552(a)(6)(C)(ii).  Refusal by a person to reasonably modify the scope of a request, or arrange an alternative time frame for processing a request after being given an opportunity to do so by the

COMPLAINT - 6

agency, shall be considered as a factor in determining whether exceptional circumstances exist. 5 U.S.C. § 552(a)(6)(C)(iii).

17.     Agency action under the FOIA is also subject to judicial review under the APA. *Oregon Natural Desert Ass'n. v. Gutierrez*, 409 F.Supp.2d 1237, 1248 (D.Or. 2006) (finding that violation of the FOIA's decision deadline constitutes APA violation for an agency action that is not in accordance with the law), *affirmed in part, reversed on other grounds*, *Oregon Natural Desert Ass'n v. Locke*, 572 F.3d 610 (9th Cir. 2009).  Under the judicial review provisions of the APA, district courts are authorized to compel agency action unlawfully withheld or unreasonably delayed.  5 U.S.C. § 706(1).  District courts must also set aside any agency action found to be arbitrary, capricious, an abuse of discretion, not in accordance with law, or made without observation of required procedures.  5 U.S.C. § 706(2).

## STATEMENT OF FACTS

18.     On May 1, 2015, Friends of the Earth submitted a FOIA request for public records to the U.S. Coast Guard's Sector Puget Sound office in Seattle, Washington.  The Coast Guard received Friends' FOIA request on May 1, 2015.  The Coast Guard assigned Friends' May 1, 2015 FOIA request number 2015-CGFO-01799 (hereinafter "Friends' FOIA Request").

19.     Friends' FOIA Request sought the opportunity to review and copy public records related to maritime incidents that occurred between July 2009 and February 2015 in or near Puget Sound, which is in Washington State.  Friends FOIA Request described the requested documents and information in seven specific and enumerated categories.  Friends' FOIA Request also requested that the Coast Guard waive all fees for search time and copies.

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088

20.     Friends became interested in the documents it requested because the Coast Guard had previously presented summaries of the requested documents to the Puget Sound Harbor Safety Committee, a private non-profit organization in Washington State dedicated to promoting the safe, secure, and efficient use of Puget Sound and adjacent waters.

21.     In response to Friends' FOIA Request, the Coast Guard provided Friends with some, but not all, of the requested records.  Additionally, even though the Coast Guard granted Friends' fee waiver request and waived "all FOIA fees," the Coast Guard later insisted that Friends pay almost $1,000 for the requested records.

22.     The Coast Guard first told Friends it could not disclose some of the requested documents and information because the documents originated with the Canadian Coast Guard. The Coast Guard stated this only once, and even though the Coast Guard had previously disclosed summaries of the information to a private organization in Washington State.

23.     On June 8, 2015, the Coast Guard office in Seattle then told Friends—again, only once—that it did not have the authority to disclose the requested documents and information because Coast Guard headquarters, not the Seattle office, controlled the requested records.  On that same day the Coast Guard told Friends it would have to submit a new FOIA request to Coast Guard headquarters.

24.     After Friends insisted that the Coast Guard respond to its FOIA request, the Coast Guard then told Friends it would have to pay fees to receive the requested documents and information or the Coast Guard would close the request.  The Coast Guard took that position without ever explaining that it was denying Friends' request for a fee waiver, without ever

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088

explaining why it was doing so, and without ever providing Friends with administrative appeal rights, as required by the FOIA.  5 U.S.C. § 552(a)(6)(A)(i).

25.      Initially, by letter dated June 30, 2015, the Coast Guard told Friends it would have to pay $56.00 to receive nine pages of documents the Coast Guard thought would be responsive to parts 1-6 of Friends' FOIA Request.

26.      After Friends reiterated its request for a fee waiver and provided additional information in support of that request, on July 13, 2015, the Coast Guard disclosed nine pages of responsive documents; "granted [Friends'] request to waive all FOIA fees"; and referred Friends' FOIA Request to two other offices of the Coast Guard for further processing.  Specifically, the Sector Puget Sound office referred parts 1-6 of Friends' FOIA Request to Coast Guard Headquarters in Washington, D.C., and referred part 7 of Friends' FOIA Request to the Coast Guard 13th District Commander in Seattle, Washington.

27.      On August 27, 2015—nearly six weeks after Friends' FOIA Request was referred to Coast Guard Headquarters in Washington, D.C.—the Coast Guard Headquarters office told Friends it would have to pay $987.42 to receive documents and information responsive to parts 1-6 of the request.  A few days later, on September 1, 2015, Friends asked the Sector Puget Sound office of the Coast Guard to explain why it was being asked to pay $987.42 for documents when it had previously been granted a fee waiver.

28.      The Coast Guard responded on September 3, 2015, and stated that the Puget Sound office was working with Headquarters to resolve the issue and that the Coast Guard would get back to Friends "shortly."  That message to Friends included a message from Amanda C. Ackerson, a management and policy analyst with the Coast Guard, which stated the following:

COMPLAINT - 9

April,

After reviewing the six criteria for a fee waiver and the justification the requester provided below, it appears the requester meets them.  Also, I don't know how many times the clock has stopped and started again, but after 20 working days have passed, we cannot charge for search or duplication.

29.     On October 16, 2015, however, approximately six weeks after the

September 3 email, the Coast Guard Headquarters office notified Friends it was closing

Friends' FOIA Request because Friends had not paid the requested amount or otherwise

responded to the Coast Guard's August 27, 2015 letter.

30.     Friends responded promptly—one week later, on October 27, 2015—and asked

the Coast Guard why it was closing its FOIA request when Friends had been actively working

with the Coast Guard to get the matter resolved.

31.     Nearly a month later, after receiving no response from the Coast Guard, Friends

again inquired with the Coast Guard about the status of its FOIA Request.

32.     The Coast Guard finally responded to Friends on November 24, 2015.  The Coast

Guard first stated that it had closed Friends' FOIA Request due to nonpayment of fees, in part

because the Coast Guard believed the fee waiver granted by Sector Puget Sound did not apply to

documents produced by Coast Guard Headquarters.  The Coast Guard also informed Friends it

would have to submit a new FOIA request to obtain the requested records.  Notwithstanding that

assertion, however, the Coast Guard on that same day sent Friends a letter threatening to close

the FOIA request if Friends did not pay $987.42 within thirty days.

33.     In multiple communications with the Coast Guard during November and

December 2015, Friends reiterated its request for a fee waiver and its request that the Coast

Guard explain why it was demanding $987.42 for the documents when Coast Guard staff

COMPLAINT - 10

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088

believed Friends met the fee waiver criteria and when the Coast Guard had already granted the fee waiver.  Friends also again explained in detail why it was entitled to a fee waiver for all responsive documents.

34.     In response, the Coast Guard reiterated its demand that Friends pay $987.42 for the records but it never explained why it was denying Friends' fee waiver request or provided Friends with an opportunity to appeal the denial of its fee waiver request.  Then, on December 29, 2015, the Coast Guard sent Friends a puzzling letter *acknowledging receipt* of Friends' FOIA Request and fee waiver request and stating:  "Your request is being processed in accordance with Coast Guard policy and all releasable materials will be provided to you when processing is completed."  The Coast Guard's December 29, 2015 letter to Friends did not grant or deny Friends' fee waiver request, provide Friends with administrative appeal rights, or state when the Coast Guard would provide Friends with the documents it requested on May 1, 2015.

35.     In another attempt to resolve the dispute short of litigation, Friends sent the Coast Guard a letter on January 12, 2016, alerting the agency that it was in violation of the FOIA and asking the Coast Guard to provide Friends, by February 12, 2016, with a written determination on the fee waiver request and an estimated date by which the Coast Guard would complete its response to Friends' FOIA Request.  In response, the Coast Guard stated it was processing the fee waiver request per Coast Guard policy and that they would not estimate when the Coast Guard would make a final decision on the fee waiver.

36.     As of the date this action was filed, the Coast Guard had disclosed some but not all of the documents and information in its possession or control that are responsive to Friends May 1, 2015 FOIA Request.

COMPLAINT - 11

37.     As of the date this action was filed, the deadline imposed by 5 U.S.C. §

552(a)(6)(A)(i) for the Coast Guard to issue a final determination on Friends' FOIA Request had

passed.

38.     As of the date this action was filed, the Coast Guard had not provided Friends

with the final determination required by 5 U.S.C. § 552(a)(6)(A)(i) for Friends' FOIA Request.

39.     As of the date this action was filed, the Coast Guard had failed to provide Friends

with sufficient written notice setting forth any unusual circumstances that would justify

extension of the deadlines set forth in 5 U.S.C. § 552(a)(6)(A)(i) for Friends' FOIA Request.

40.     As of the date this action was filed, the Coast Guard is unlawfully demanding

payment of FOIA fees from Friends after granting Friends' a fee waiver.

41.     As of the date this action was filed, the Coast Guard is unlawfully assessing fees

that are precluded by 5 U.S.C. § 552(a)(4)(A)(viii) because Defendant failed to make a final

decision on Friends' FOIA Request within FOIA's statutory decision deadlines.

42.     As of the date this action was filed, the Coast Guard had failed to provide Friends

with all non-exempt documents that are responsive to Friends' FOIA Request.

43.     As of the date this action was filed, the Coast Guard had failed to make promptly

available to Friends all non-exempt documents that are responsive to Friends' FOIA Request.

The Coast Guard is currently withholding from Friends non-exempt documents that are

responsive to Friends' FOIA Request.

44.     As of the date this action was filed, the Coast Guard had not provided Friends

with an estimated completion date for Friends' FOIA Request as required by 5 U.S.C. §

552(a)(7)(B)(ii).

COMPLAINT - 12

45.     None of FOIA's nine exemptions to mandatory disclosure apply to the documents

and information the Coast Guard is currently withholding from Friends.  As of the date of filing

of this complaint, the Coast Guard had constructively denied Friends' FOIA Request.  The Coast

Guard has no legal basis for withholding the records that Plaintiff sought via Friends' FOIA

Request.

46.     Friends has fully exhausted all administrative remedies required by the FOIA.  5

U.S.C. § 552(a)(6)(A), (a)(6)(C).

47.     Friends has been required to expend costs and to obtain the services of a law firm

to prosecute this action.

48.     The filing of this lawsuit was necessary to compel the Coast Guard to disclose

documents that are responsive to Friends' FOIA Request and to comply with the FOIA's fee

waiver provisions.

49.     The filing of this lawsuit was necessary to compel the Coast Guard to make the

determination required by 5 U.S.C. § 552(a)(6)(A)(i) for Friends' FOIA Request.

50.     The filing of this lawsuit was necessary to compel the Coast Guard to provide a

written deadline by which it would make the determination required by 5 U.S.C. §

552(a)(6)(A)(i) for all documents responsive to Friends' FOIA Request.

51.     Friends' claims for relief in this Complaint are not insubstantial within the

meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

52.     No exceptional circumstances exist that would allow this Court to allow the Coast

Guard more time to review and disclose requested records.  The Coast Guard has not exercised

due diligence in responding to Friends' FOIA Request.  The delays at issue in this case result

COMPLAINT - 13

from a predictable agency workload of FOIA requests.  The Coast Guard has not made reasonable progress in reducing its backlog of pending requests.

53.     The circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholdings at issue in this case.

54.     Based on the nature of Friends' professional activities, Friends will continue to employ FOIA's provisions in information requests to the Coast Guard in the foreseeable future. Friends' professional activities will be adversely affected if the Coast Guard is allowed to continue violating FOIA's disclosure provisions.  Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the Coast Guard will continue to violate the rights of Plaintiff to receive public records under the FOIA.

## CAUSES OF ACTION

### COUNT I

VIOLATION OF THE FREEDOM OF INFORMATION ACT:
UNLAWFUL CONSTRUCTIVE DENIAL/UNLAWFUL WITHHOLDING

55.     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs.

56.     Plaintiff has a statutory right to the records it seeks.  There is no legal basis for Defendant to assert that any of FOIA's nine disclosure exemptions apply to the records Defendant has that are responsive to Friends' FOIA Request.

57.     Defendant has violated and is violating Plaintiff's rights by unlawfully withholding information responsive to Friends' FOIA Request in violation of the FOIA. Defendant's actions in response to Friends' FOIA Request constitute a constructive and unlawful denial of Friends' FOIA Request.

COMPLAINT - 14

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088

58.     The Coast Guard's violations of the FOIA with respect to its response to Friends'

FOIA Request entitle Plaintiff to an award of reasonable attorney fees and other litigation costs

pursuant to 5 U.S.C. § 552(a)(4)(E).

COUNT 2

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:<br>VIOLATION OF DECISION DEADLINES IN THE FOIA

59.     Plaintiff hereby incorporates by reference the allegations in the preceding

paragraphs.

60.     Plaintiff has a statutory right to have Defendant process its FOIA request in a

manner that complies with FOIA.  Plaintiff's rights in this regard were violated when Defendant

unlawfully delayed its response to Friends' FOIA Request beyond the deadlines imposed by the

FOIA.

61.     The Coast Guard violated and is violating the FOIA by failing to make a decision

to disclose or withhold documents and information subject to Friends' FOIA Request by the

deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i) or by any deadlines established by any written

notice of unusual circumstances provided by the Coast Guard to Plaintiff.

62.     The Coast Guard violated and is violating the FOIA by failing to make the records

subject to Friends' FOIA Request promptly available to Plaintiff.

63.     Each and every allegation in this Count is a separate violation of the FOIA for

which this Court can provide relief to Plaintiff under the FOIA.

64.     The Coast Guard's violations of the FOIA with respect to its response to Friends'

FOIA Request entitle Plaintiff to an award of reasonable attorney fees and other litigation costs

pursuant to 5 U.S.C. § 552(a)(4)(E).

COMPLAINT - 15

<u>COUNT 3</u>

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:
UNLAWFUL FEE ASSESSMENT

65.     Plaintiff hereby incorporates by reference the allegations in the preceding

paragraphs.

66.     The FOIA prohibits an agency from assessing "search fees (or in the case of a

requester described under clause (ii)(II), duplication fees) under this subparagraph if the agency

fails to comply with any time limit under paragraph (6) [of FOIA], if no unusual or exceptional

circumstances (as those terms are defined for purposes of paragraphs (6)(B) and (C),

respectively) apply to the processing of the request." 5 USC § 552(a)(4)(A)(viii).

67.     Defendant "fail[ed] to comply with any time limit under paragraph (6)," when it

did not decide Friends' FOIA request within 20 business days or claim that "unusual or

exceptional circumstances" prevented it from doing so.

68.     Because Defendant did not comply with FOIA's statutory deadlines when

processing Friends' FOIA request, it is barred from assessing search fees in this matter.

69.     Defendant's assessment of almost $1,000.00 in search fees is also unlawful under

the FOIA because the Coast Guard granted Friends' request to waive all fees associated with

searching for and copying responsive records.

70.     Defendant violated Plaintiff's rights by unlawfully assessing almost $1,000.00 in

search fees in this matter.

71.     The Coast Guard's violations of the FOIA with respect to its response to Friends'

FOIA Request entitle Plaintiff to an award of reasonable attorney fees and other litigation costs

pursuant to 5 U.S.C. § 552(a)(4)(E).

COMPLAINT - 16                                        Kampmeier & Knutsen PLLC
                                                     615 Second Avenue, Suite 360
                                                     Seattle, Washington 98104
                                                     (206) 223-4088

COUNT 4

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:
UNLAWFUL CONSTRUCTIVE FEE WAIVER DENIAL

72.     Plaintiff hereby incorporates by reference the allegations in the preceding

paragraphs.

73.     Plaintiff has a statutory right to the fee waiver it seeks.  There is no legal basis for

Defendant to delay final processing of Friend's May 1, 2015 fee waiver request or to refuse to

grant the request.

74.     Defendant has violated and is violating Plaintiff's rights by unlawfully delaying

the processing of Plaintiff's May 1, 2015 fee waiver request in violation of the FOIA. Defendant

has violated and is violating Plaintiff's rights by virtue of its unlawful interim fee waiver denials.

Defendant's actions in response to Plaintiff's May 1, 2015 fee waiver request constitute a

constructive and unlawful denial of the request.

75.     The Coast Guard's violations of the FOIA with respect to its response to

Plaintiff's May 1, 2015 fee waiver request entitle Plaintiff to an award of reasonable attorney

fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

COUNT 5

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:
IMPROPER REFUSAL TO RESPOND TO FRIENDS' FOIA REQUEST AND INSTEAD
REQUIRE FRIENDS TO FILE A NEW FOIA REQUEST

76.     Plaintiff hereby incorporates by reference the allegations in the preceding

paragraphs.

77.     Plaintiff has a statutory right to have Defendant properly process its information

request as required by FOIA.  There is no legal basis for Defendant to refuse to fully process

COMPLAINT - 17

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088

Friends' FOIA Request merely because some responsive documents are located in Defendant's headquarters instead of the office to which Plaintiff first sent its request.  5 U.S.C. § 552(a)(6)(A)(ii).

78.     Defendant violated Plaintiff's rights by unlawfully refusing to completely process Friends' FOIA Request and instead demanding that Friends submit a new FOIA request to Defendant's headquarters.  Defendant's actions in response to Friends' FOIA Request constitute a constructive and unlawful denial of the request.

79.     The Coast Guard's violations of the FOIA with respect to its response to Friends' FOIA Request entitle Plaintiff to an award of reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

<u>COUNT 6</u>

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT:
FAILURE TO COMPLY WITH 5 U.S.C. § 552(A)(7)(B)(ii) (Estimated Completion Date)

80.     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs.

81.     Pursuant to 5 U.S.C. § 552(a)(7)(B)(ii), "Each agency shall . . . establish a phone line or Internet service that provides information about the status of a request to the person making the request . . . including . . . an estimated date on which the agency will complete action on the request."

82.     Plaintiff asked the Coast Guard numerous times for estimated dates of completion for Friends' FOIA Request.

83.     Defendant Coast Guard has repeatedly failed to provide estimated dates of completion for Friends' FOIA Request and fee waiver request.

COMPLAINT - 18

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088

84.     Based on the nature of Plaintiff's professional activities, Plaintiff will undoubtedly continue to employ FOIA's provisions in information requests to Defendant Coast Guard in the foreseeable future.

85.     Plaintiff's professional activities will be adversely affected if Defendant Coast Guard is allowed to continue violating FOIA's requirement to provide estimated completion dates as it has in this case.

86.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant Coast Guard will continue to violate the rights of Plaintiff to receive public records under the FOIA.

87.     Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## COUNT 7

**(In the alternative to Counts 1 through 6)**

VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT:
FAILING TO COMPLY WITH THE FOIA IN RESPONDING TO
PLAINTIFF'S MAY 1, 2015 FOIA REQUEST

88.     Plaintiff hereby incorporates by reference all of the preceding paragraphs.

89.     The Coast Guard violated the FOIA:  (a) by failing to determine, within the time period set forth in 5 U.S.C. § 552(a)(6)(A)(i), whether the documents and information subject to Friends' FOIA Request are exempt from disclosure; (b) by failing to determine, within the time period set forth in 5 U.S.C. § 552(a)(6)(A)(i), whether to grant or deny Plaintiff's fee waiver request; (c) by demanding payment of fees after granting Friends' request for a fee waiver and after missing response deadlines imposed by the FOIA; (d) by refusing to completely process

COMPLAINT - 19

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088

Friends' FOIA Request and instead demanding that Friends submit a new FOIA request to

Defendant's headquarters; and (e) by refusing to provide Plaintiff an estimated completion date

as required by FOIA.

90.     Each and every allegation in this Count 7 is a separate violation of the FOIA for

which this Court can provide relief to Plaintiff under the APA.  Making the determination

required by 5 U.S.C. § 552(a)(6)(A)(i), providing Plaintiff with the information and fee waiver

request determinations required by 5 U.S.C. § 552(a)(6)(A)(i), providing the records subject to

Friends' FOIA Request, and making responsive documents promptly available to Plaintiff are all

final agency actions unlawfully withheld or unreasonably delayed that can be compelled under

the APA, 5 U.S.C. § 706(1).

91.     Alternatively, the Coast Guard's decisions not to make the determination required

by 5 U.S.C. § 552(a)(6)(A)(i), not to provide plaintiff with the determination required by 5

U.S.C. § 552(a)(6)(A)(i), not to make responsive documents promptly available to Plaintiff, not

to provide Plaintiff with the records subject to Friends' FOIA Request, to demand payment of

fees when no fees were due, to inform plaintiff that it must submit additional FOIA requests, and

not to provide an estimated completion date are final agency actions that are arbitrary,

capricious, an abuse of discretion, not based on substantial evidence in the record, not in

accordance with the law, or otherwise in violation of the APA, 5 U.S.C. § 706(2), because

among other things those actions do not comply with the FOIA or the Coast Guard's regulations

or policies.

92.     Plaintiff is entitled to relief under the APA and to costs of litigation and

reasonable attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

COMPLAINT - 20

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court:

A.      Adjudge and declare that the Coast Guard has violated the FOIA for the reasons set forth above;

B.      Order the Coast Guard to comply immediately with the FOIA by providing Friends with the required determinations and all non-exempt public records subject to Plaintiff's May 1, 2015 FOIA Request;

C.      Declare that Friends is the prevailing party in this matter; that the position of the government in this action was not substantially justified; and that there are no special circumstances that make an award of costs and reasonable attorneys' fees to Friends unjust;

D.      Award Friends its reasonable fees, expenses, costs, and disbursements, including attorneys' fees associated with this litigation, under the Equal Access to Justice Act, 28 U.S.C. § 2412, and award Friends its reasonable attorneys' fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E);

E.      Order Defendant U.S. Coast Guard to change its FOIA response practices to ensure future timely and complete compliance with the disclosure obligations imposed by the FOIA; and

F.      Grant plaintiff such further and additional relief as the Court may deem just and proper.

Respectfully submitted this 22nd day of March 2016.

     s/David Bahr
David Bahr
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR 97402

COMPLAINT - 21

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088

(541) 556-6439 Voice
davebahr@mindspring.com

_____s/Paul Kampmeier_____
Paul A. Kampmeier (WSBA #31560)
***Pro hac vice* application pending**
Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104-2245
(206) 223-4088 x 4
paul@kampmeierknutsen.com

*Attorneys for Plaintiff*

Kampmeier & Knutsen PLLC
615 Second Avenue, Suite 360
Seattle, Washington 98104
(206) 223-4088